United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SYNNEX CORPORATION,

    Plaintiff,

  v.

MARK J. WATTLES, et al.,

    Defendants.
_____/

No. C 11-1496 PJH

**ORDER GRANTING MOTION TO DISMISS THIRD PARTY COMPLAINT AND VACATING HEARING DATE**

    Before the court is third-party defendant Hewlett-Packard Company's ("HP") second motion to dismiss the third-party complaint pursuant to FRCP 12(b)(6). Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and having had a prior hearing on the same issues and determined that another hearing is not necessary, the court VACATES the January 18, 2012 hearing date and GRANTS HP's motion to dismiss for the reasons that follow.

    1.    Wattles' amended claim for fraud fails to overcome the deficiencies previously noted by the court in the August 11, 2011 order granting HP's previous motion to dismiss. As a preliminary matter, Wattles has failed to re-plead his claim for fraudulent concealment, per se, and has instead re-stated his claim as one alleging intentional misrepresentation. The elements of an action for intentional misrepresentation are: (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." Cicone v. URS Corp., 183 Cal.App.3d 194, 200 (1986). Rule 9(b)'s particularity requirement also apply. See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003).

    While Wattles has now included specific allegations with respect to the affirmative

representations purportedly made by Solomon, Wattles' allegations remain insufficient to demonstrate the critical elements of scienter, intent to defraud, and damages.  While Wattles is technically correct that scienter may be generally averred, this does not obviate the need for Wattles to satisfy Rule 8 pleading standards – which plaintiff's conclusory and sparse allegations fail to do.  See Amended Third Party Complaint, ¶ 41.  Wattles' equally conclusory allegation that HP failed to disclose facts "with an intent to defraud," is equally unavailing, such that Rule 9(b) remains unsatisfied.  Finally, Wattles has failed to cure the previously noted deficiency with respect to damages.  Accordingly, the motion to dismiss the cause of action for intentional misrepresentation is GRANTED.

    2.    Because Wattles has failed to adequately allege any basis for imposing liability against HP in his amended third-party complaint, the court also GRANTS the motion to dismiss Wattles' claim for equitable indemnification.

For the foregoing reasons, the court hereby DISMISSES Wattles' third-party complaint.  Because Wattles has already been given an opportunity to amend and has filed an amended third-party complaint containing some of the same deficiencies previously noted by the court, any further amendment is likely to be futile and the dismissal is with prejudice.

**IT IS SO ORDERED.**

Dated:  January 9, 2012

PHYLLIS J. HAMILTON
United States District Judge

2