UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SYNNEX CORPORATION,

    Plaintiff,

vs.

MARK J. WATTLES,

    Defendant.

Case No.: C-11-01496-YGR

**ORDER REQUIRING COUNSEL TO COMPLY WITH STANDING ORDER AND LOCAL RULES REGARDING MOTION FOR SUMMARY JUDGMENT**

    Plaintiff filed a Motion for Summary Judgment on August 20, 2012. (Dkt. No. 107.) The Motion contained a "Statement of Undisputed Facts" but not in a form compliant with the Court's Standing Order in Civil Cases at section 9(c). The Court later received a Chambers copy of a corrected version of the Motion for Summary Judgment *with* a Supporting Separate Statement that complies with the Standing Order. This document was not filed on ECF until October 2, 2012, after the Court sought clarification from Plaintiff. (Dkt. No. 124.)

    In Plaintiff's Reply in Support of Motion for Summary Judgment, it argues that the Motion should be granted because Defendant has failed to dispute any material facts set forth in Plaintiff's Separate Statement. While Defendant was required under the Standing Order to respond to Plaintiff's separate statement, it is not clear to the Court that the corrected Motion (with the compliant Supporting Separate Statement) was ever served on Defendant, nor provided in electronic format to Defendant to allow for response.

    Defendant is hereby **ORDERED** to provide a response to Plaintiff's Separate Statement by no later than Monday, October 8, 2012. Plaintiff is **ORDERED** to immediately send Defendant an electronic copy of the Supporting Separate Statement. The hearing on the Motion for Summary Judgment is **CONTINUED** to October 16, 2012.

1 In addition, both parties have attached their underlying evidence *en masse* as exhibits to their briefs. This violates Civ. L.R. 7-5(a), which requires that evidentiary matters, including deposition transcripts, be appropriately authenticated by affidavit or declaration. The Court's Standing Order regarding summary judgment motions does not create an exception to Civ. L.R. 7-5, nor has the Court otherwise waived this requirement. The parties are directed to file declarations authenticating any evidence submitted. *See* Fed. R. Civ. P. 56; Civ. L.R. 7-5. The declarations need not re-attach all of the evidence, but shall identify with specificity the documents being authenticated. If it is unclear to the Court what evidence is being authenticated, that evidence will be disregarded. Counsels' declarations shall be filed no later than October 8, 2012.

**IT IS SO ORDERED.**

Dated: October 3, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**